UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVIN O. DESAI,<br><br>    Plaintiff,<br><br>    v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, *et al.*,<br><br>    Defendants. | No. 1:20-cv-00058-DAD-JLT<br><br>ORDER DENYING PLANTIFF'S MOTION TO REMAND<br><br>(Doc. No. 7) |

This matter is before the court on the motion to remand filed by plaintiff Pravin O. Desai. (Doc. No. 7.) Pursuant to General Order No. 617 addressing the public health emergency posed by the coronavirus outbreak, on April 22, 2020, the court took the motion under submission to be decided on the papers. (Doc. No. 9.) For the reasons discussed below, the court will deny the motion.

**BACKGROUND**

On November 25, 2019, plaintiff filed this action in the Kern County Superior Court against defendants The Lincoln National Life Insurance Co., Lincoln Life & Annuity Co. of New York, and First Penn-Pacific Life Insurance Co. (collectively, "defendants"). (Doc. No. 1.) In his complaint, plaintiff alleges state law causes of action for breach of contract; breach of the

1

covenants of good faith and fair dealing; a violation of California's Unfair Competition Law, *see* California Business and Professions Code §§ 17200, *et seq*.; and declaratory relief. (*Id.*) He also seeks, *inter alia*, reinstatement of three previously purchased life insurance policies, each worth $1,000,000. (Doc. No. 1-1 at 5.) On January 9, 2020, defendants removed this action to this federal court on the basis of diversity jurisdiction. (Doc. No. 1.)

On April 21, 2020, plaintiff filed the pending motion to remand, alleging that defendants failed to establish that the amount in controversy exceeds $75,000 as required by 28 U.S.C § 1332. (Doc. No. 7.) On May 19, 2020, defendants filed their opposition. (Doc. No. 10.) On May 25, 2020, plaintiff filed his reply thereto. (Doc. No. 11.)

## LEGAL STANDARD

A defendant in state court may remove a civil action to federal court so long as that case could have been filed in federal court. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Thus, removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction.[1] *City of Chicago*, 522 U.S. at 163; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. § 1441 *et seq.* These removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to the state courts if there are doubts as to the right of removal. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

---

[1] No federal question exists in this case because all of plaintiff's claims are based on California state law. (*See* Doc. No. 1.) Therefore, in order for the court to have jurisdiction, defendant must establish all elements of diversity jurisdiction.

Diversity jurisdiction exists in actions between citizens of different States where the amount in controversy exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332. Diversity of citizenship must be complete, and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged." *Page v. Luxottica Retail N. Am.*, No. 2:13-cv-01333-MCE-KJN, 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *see also Campbell v. Vitran Express, Inc.*, 471 Fed. App'x. 646, 648 (9th Cir. 2012).[2]

A removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446). A defendant's amount in controversy allegation "should be accepted when not contested or questioned by the court." *Id.* at 87. But the court may "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)). The court then decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been met. *See Dart Cherokee*, 574 U.S. at 88; 28 U.S.C. § 1446(c)(2)(B).

/////

/////

## ANALYSIS

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Plaintiff contends that defendants failed to establish that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332 for this court to have diversity jurisdiction.[3] (Doc. No. 7 at 11.) Plaintiff's claims are premised on defendants' alleged breach of contract as to four of plaintiff's life insurance policies. (*Id.* at 3.) Each policy had a payout value of $1,000,000. (*Id.*) At the time of purchase, plaintiff "paid approximately $35,000 in premiums . . . cover[ing] the first year of insurance coverage." (*Id.* at 4.) After plaintiff received notice from defendants that three of his policies had been cancelled due to nonpayment of additional premiums and following demands for explanation and accounting, plaintiff filed this action. (*Id.* at 5; Doc. No. 1.) Plaintiff seeks judgment in an amount to be proven at trial but not less than $35,000, reinstatement of the three wrongfully terminated life insurance policies, and attorney's fees and other costs. (Doc. No. 1-1 at 11.) He argues that these claims do not exceed the $75,000 threshold as required by 28 U.S.C. § 1332. (Doc. No. 7 at 11.)

Where a complaint alleges that a life insurance policy has been wrongfully terminated, "the amount in controversy in cases dealing with life insurance policies necessarily is the face amount of the policy." *Sandstrom v. Protective Life Ins., Co.*, No. cv-13-1002-JFW-OPx, 2013 WL 12123308, at *2 (C.D. Cal., Mar. 14, 2013) (quoting *Jefferson v. Liverpool & London Globe Ins. Co.*, 167 F. Supp. 389, 392 (S.D. Cal. 1958)). In *Sandstrom*, the plaintiff sought to recover an improperly cancelled life insurance policy with a face amount of $500,000. 2013 WL 12123308, at *2. After the defendant removed the action based on diversity jurisdiction and the plaintiff moved for remand to state court, the district court ruled that "the validity of the life insurance policy is at issue[,] as plaintiff alleges that defendant improperly cancelled the policy. Accordingly, defendant has established, by a preponderance of the evidence, that the amount in controversy is $500,000," the value of the plaintiff's life insurance policy. *Id.* In a similar case

---

[3] Plaintiff does not dispute that complete diversity of citizenship exists amongst the parties, only that the amount in controversy does not exceed $75,000. Indeed, complete diversity of citizenship is present because defendants The Lincoln National Life Insurance Company and First Penn-Pacific Life Insurance Company are incorporated in Indiana with their principal place of business in Pennsylvania and defendant Lincoln Life & Annuity Company of New York is incorporated in New York with principal place of business in Pennsylvania, while plaintiff is a resident of California. (Doc. No. 1 at 3.)

involving life insurance policies, the Ninth Circuit held that "the issue is not whether [one party] owes [the other party] some amount of money," but rather "whether the policy remains in force or was instead properly terminated." *Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 755 (9th Cir. 2018). Thus, "when a case is about the ownership of a policy . . . the amount in controversy is necessarily the face [amount] of the policy." *Id.* at 756 (internal quotation marks and citation omitted)*; see also Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) ("[T]he amount in controversy is the value of the underlying potential tort action."); *Bankers Life Co. v. Jacoby*, 192 F.2d 1011, 1012 n.1 (9th Cir. 1951) (finding that when the case is about ownership of a policy, "the amount involved is necessarily the face of the policy" (quoting *Prudential Ins. Co. v. Battershill*, 154 F.2d 947, 950 (5th Cir. 1946)).

Here, it appears facially evident from the complaint that one of the issues in this case is the alleged wrongful termination of life insurance policies and that the face amount of the three policies at issue is a combined $3,000,000, well exceeding the $75,000 amount in controversy requirement. As defendants note in their notice of removal, plaintiff requests "(1) reimbursement of the premiums paid in the amount of $35,000, (2) reinstatement of the three cancelled Policies with a total aggregate value of $3,000,000, as well as (3) attorney's fees, costs and prejudgment interest." (Doc. No. 1 at 5.) In his complaint, plaintiff prays "for judgment reinstating the wrongfully terminated life insurance policies." (Doc. No. 1-1 at 11.) This is more than enough to show that diversity jurisdiction exists here. *See Singer*, 116 F.3d at 377 (instructing courts to consider "whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy").

Plaintiff's arguments to the contrary are unpersuasive. Plaintiff first argues that "more than the mere existence of a policy in the face amount [satisfying the amount in controversy] must be present if jurisdiction is to be upheld. There must be a showing of facts dehors the policy" for jurisdiction to be established. (Doc. No. 7 at 11 (quoting *Jefferson*, 167 F. Supp. at 393).) But plaintiff's reliance on *Jefferson* is misplaced; the quotation from that decision relied upon by plaintiff references that court's discussion of "policies of indemnity against liability for personal injuries, damage to or destruction of property, etc." 167 F. Supp at 392. But with life

insurance policies, as is the case here, the court in *Jefferson* held that the amount in controversy "necessarily is the face amount of the policy." *Id.* Thus, no outside facts or claims, other than the prayer for seeking reinstatement of life insurance policies, are needed to establish the amount in controversy.

Plaintiff's further attempts to distinguish the decisions in *Sandstrom*, *Anderson*, and *Elhouty* are similarly unpersuasive. (*See* Doc. Nos. 7, 11.). Although plaintiff correctly argues that the district court must remand to state court if there is any doubt as to the right of removal, (Doc. No. 7 at 10), no doubt exists here. The amount in controversy in cases where the validity of a life insurance policy is at issue is the face amount of the policies, and defendants have shown here that plaintiff seeks the reinstatement of three life insurance policies worth, or with a face value of, $1,000,000 each, as well as attorney's fees and reimbursement of no less than $35,000 in paid premiums.

For the reasons set forth above, the court concludes that defendant has established an amount in controversy in this action exceeding $75,000. Accordingly, plaintiff's motion to remand (Doc. No. 7) is denied.

IT IS SO ORDERED.

Dated: __**July 13, 2020**__       _____
                                                           UNITED STATES DISTRICT JUDGE