# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVIN O. DESAI, <br><br> Plaintiff, <br><br> v. <br><br> THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, et al., <br><br> Defendants. | Case No.: 1:20-cv-00058-DAD-JLT <br><br> ORDER GRANTING THE DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL <br><br> (Doc. 33-6) |

The defense has filed a request to seal certain documents filed in connection with their motion for summary judgment. (Doc. 33-6) These documents include Mr. Desai's medical records and references to them included in the declaration of Annette Gray.[1] *Id*. Generally, medical records, which disclose personal medical histories, diagnoses or treatments are protected. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006).

On the other hand, documents filed in civil cases are presumed to be available to the public. *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990); see also *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006); *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. *EEOC* at 170.

---

[1] Mr. Desai has not opposed for filed a notice of non-opposition to the request.

The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." However, only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Likewise, Local Rule 141 requires a demonstration of the compelling need for the information to be shielded from public view. L.R. 141(b).

The Court has reviewed the records at issue. The Court agrees that they contain private medical information that should not be disclosed on the public docket. Based upon the foregoing, the Court **ORDERS**:

    1.    The defendant's request to seal is **GRANTED**.

    2.    **Within three court days**, the defendant **SHALL** email the relevant documents, specifically, those documents that were filed with redactions, to ApprovedSealed@caed.uscourts.gov for filing under seal.

IT IS SO ORDERED.

Dated:   **July 20, 2021**          **/s/ Jennifer L. Thurston**
                                             CHIEF UNITED STATES MAGISTRATE JUDGE