UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVIN O. DESAI, | Case No. 1:20-cv-00058-NODJ-CDB |
| Plaintiff, | ORDER GRANTING ATTORNEY RYAN C. WRIGHT'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF |
| v. | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, *et al*. | (Doc. 75) |
| Defendants. | |

This matter is before the Court on the motion to withdraw as Plaintiff Pravin O. Desai's ("Plaintiff") counsel of record filed by attorney Ryan C. Wright on December 13, 2023. (Doc. 75). For the reasons explained below, the Court grants the motion to withdraw as counsel.

**Background**

On November 25, 2019, Plaintiff, through counsel Jesse James Thaler, filed this action in the Kern County Superior Court against Defendants The Lincoln National Life Insurance Co., Lincoln Life & Annuity Co. of New York, and First Penn-Pacific Life Insurance Co. ("Defendants"). (Doc. 1-1 at 5). On July 14, 2020, counsel Jesse James Thaler filed a motion to withdraw as counsel. (Doc. 15). Counsel Thaler also filed a declaration in support of his motion that the Court ordered sealed. (Docs. 17-18).

1

1    On August 24, 2020, the Court granted counsel Thaler's motion to withdraw as counsel for
2 Plaintiff.  (Doc. 20).  The Court directed Plaintiff to inform the Court whether he intended to continue
3 prosecuting this action and, if so, whether he intended to obtain new counsel or represent himself.  *Id.*
4 at 5.  The docket indicates Plaintiff did not timely respond to the Court's order.

5    On March 31, 2021, Plaintiff, who continued represent himself pro se since the withdrawal of
6 counsel Thayer, filed a motion for summary judgment.  (Doc. 32).  Defendants filed a motion for
7 summary judgment on April 2, 2021.  (Doc. 33).  On April 12, 2021, Defendants filed an opposition to
8 Plaintiff's motion for summary judgment.  (Doc. 35).  Plaintiff did not respond to Defendant's motion
9 for summary judgment.  *See* (Doc. 36).

10   On April 30, 2021, Ryan C. Wright filed a notice of appearance of counsel with this Court as
11 Plaintiff's new counsel of record.  (Doc. 37).  While the motions were under submission before the
12 then-assigned district judge, on April 28, 2022, the Court issued an order noting that there were
13 deficiencies and omissions in the parties' briefing for the cross-motions for summary judgment and
14 directed the parties to submit a joint status report regarding a briefing schedule.  (Doc. 53).  On May
15 11, 2022, the parties filed a joint status report providing a briefing schedule to the Court.  (Doc. 54).
16 The Court issued a briefing schedule on the parties' cross motions for summary judgment on May 12,
17 2022.  (Doc. 55).

18   On June 24, 2022, Plaintiff (through counsel Wright) filed an amended motion for summary
19 judgment.  (Doc. 56).  On July 15, 2022, Plaintiff filed an opposition to Defendants' April 2, 2021,
20 motion for summary judgment.  (Doc. 60).  That same day, Defendants filed an opposition to
21 Plaintiff's amended motion for summary judgment.  (Doc. 64).  On August 5, 2022, the parties filed
22 replies to the oppositions.  (Docs. 65-66).  Both motions for summary judgment are pending before the
23 Court.[1]

24   On December 13, 2023, counsel Wright filed the instant motion to withdraw as counsel and
25 attached a declaration in support of the motion.  (Doc. 75).  On January 17, 2024, the Court issued an

---

[1] On December 1, 2023, the Honorable Chief Judge Kimberly J. Mueller found it necessary to temporarily reassign this case to No District Court Judge (NODJ) until a new district judge is appointed due to the elevation of U.S. District Judge Ana I. de Alba to the Ninth Circuit Court of Appeals.  (Doc. 74).

2

order requiring Plaintiff to submit a corrected declaration identifying Plaintiff's current or last known address and to serve a copy of the order on Plaintiff and file proof of service. (Doc. 76). On January 18, 2024, counsel Wright filed a supplemental declaration providing Plaintiff's current or last known address and proof of service upon Plaintiff. (Doc. 77).

**Legal Standard**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 1:07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules. Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw. *Id*. The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id*.

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*. The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.6(d).

1  Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably
2  difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.6(b)(4).
3  **Discussion**

4  Counsel Wright represents beginning in or about November 2022, through the present,
5  "Plaintiff has exhibited conduct that has rendered representation unreasonably difficult, which has
6  resulted in a breakdown of the attorney-client relationship." (Doc. 75-2 at 2). Counsel Wright attests
7  since March 2023 he has attempted to meet and confer with Plaintiff regarding the breakdown in the
8  attorney-client relationship via email and phone. *Id*. Counsel Wright claims in these meet and confer
9  attempts he "specifically identified the unreasonable conduct and provided Plaintiff an opportunity to
10  cure" but the breakdown was irremediable. *Id*. Counsel Wright asserts he has taken reasonable steps
11  to avoid reasonably foreseeable prejudice to Plaintiff in ensuring Plaintiff has a reasonable notice to
12  obtain other counsel prior to any substantive court deadlines or hearings. (Doc. 75 at 3). Counsel
13  Wright also states he prepared a pretrial statement for Plaintiff to submit and informed him of the
14  deadline to file said statement, as well as informing Plaintiff of all upcoming deadlines and important
15  dates. *Id*.

16  The Court finds counsel Wright has provided good cause to withdraw under the California
17  Rules of Professional Conduct as it appears a breakdown in the attorney-client relationship has
18  occurred despite counsel Wright's attempts over an extended period of time (between March 2023 and
19  the present) to engage with Plaintiff. Further, counsel Wright has complied with the notice
20  requirements in Local Rule 182(d). The Court also notes granting withdrawal will not cause any
21  prejudice to any litigant, to the administration of justice, or delay the resolution of the case as cross
22  motions for summary judgment are pending before the Court and no trial dates has been set. Among
23  other things, the Court notes that Defendants have not opposed the pending motion, or otherwise
24  asserted that they will suffer any prejudice from the Court's granting of the pending motion.

25  Because Plaintiff has not filed a substation of attorney, the Court will direct Plaintiff to inform
26  the Court in writing within fourteen (14) days of the service of this order whether he intends to
27  continue prosecuting this action and, if so, whether he intends to obtain substitute counsel or proceed
28  pro se. Any failure by Plaintiff to respond to the Court's order in this regard will result in the

dismissal of this action for failure to prosecute and failure to comply with the Court's order.

**Conclusion**

For the reasons set forth above:

1. Ryan C. Wright's motion to withdraw as counsel (Doc. 75) is GRANTED;
2. The Clerk of the Court is directed to terminate Ryan C. Wright as the counsel of record for Plaintiff Pravin O. Desai;
3. Counsel Wright shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding the release of a client's papers and property and the return of unearned fees; and
4. Plaintiff is substituted in pro se and is directed to comply with all hearing dates and the rules of the Court;
5. The Clerk of the Court is directed to enter the following contact information as Plaintiff's address of record:

    Pravin O. Desai

    2310 Wible Road

    Bakersfield, CA 93304

6. The Clerk of the Court is directed to serve this order on Plaintiff by mail;
7. Plaintiff is directed to inform the court within fourteen (14) days of service of this order whether he intends to continue prosecuting this action and, if so, whether he intends to obtain new counsel or represent himself. Any failure by Plaintiff to respond to the court's order in this regard will result in the dismissal of this action for failure to prosecute and failure to comply with the court's order.

IT IS SO ORDERED.

Dated: __January 22, 2024__          _____

UNITED STATES MAGISTRATE JUDGE