UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVIN O. DESAI,<br><br>    Plaintiff,<br><br>    v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, *et al*.<br><br>    Defendants. | Case No. 1:20-cv-00058-LHR-CDB<br><br>ORDER VACATING ORDER GRANTING ATTORNEY RYAN C. WRIGHT'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF<br><br>(Doc. 78)<br><br>AMENDED ORDER GRANTING ATTORNEY RYAN C. WRIGHT'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF<br><br>(Doc. 75)<br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE SANCTIONED FOR FAILURE TO COMPLY WITH COURT ORDERS<br><br>(Doc. 78)<br><br>**<u>10-DAY DEADLINE</u>** |

On January 22, 2024, the Court granted the motion of attorney Ryan C. Wright to withdraw as counsel for Plaintiff Pravin O. Desai ("Plaintiff"). (Doc. 78). On January 24, 2024 – two days after the Court granted counsel Wright's motion to withdraw – the Clerk of the Court docketed a "Notice" filed by Plaintiff that responds to counsel Wright's motion to withdraw and which Plaintiff attests to

1

having served on January 17, 2024 (*i.e.*, prior to the Court's order granting the motion).  (Doc. 79).  In that "Notice," Plaintiff requests that the Court not permit counsel Wright to withdraw without his conclusion of the case.  *Id.* at 2.  Given Plaintiff's apparent opposition to the withdrawal of counsel Wright, the Court will vacate its earlier order granting counsel Wright's motion to withdraw, address Plaintiff's objections below, and enter an amended order granting the motion.

Separately, in its earlier order permitting counsel Wright to withdraw as counsel of record in this action, the Court directed Plaintiff to inform the Court within 14 days whether he intends to continue prosecuting this action and, if so, whether he intends to obtain new counsel or represent himself.  *Id.* at 5.  The Court admonished Plaintiff: "Any failure by Plaintiff to respond to the court's order in this regard will result in the dismissal of this action for failure to prosecute and failure to comply with the court's order." *Id.*  More than 14 days have passed since service of the Court's order on Plaintiff and Plaintiff has failed to comply with the order or make any other filing setting forth good cause for his delinquency.  Accordingly, for the reasons set forth below, the Court will order Plaintiff to show cause why this action should not be dismissed for his failure to comply with Court orders and failure to prosecute.

**<u>Procedural Posture</u>**

On November 25, 2019, Plaintiff, through counsel Jesse James Thaler, filed this action in the Kern County Superior Court against Defendants The Lincoln National Life Insurance Co., Lincoln Life & Annuity Co. of New York, and First Penn-Pacific Life Insurance Co. ("Defendants").  (Doc. 1-1 at 5).  On July 14, 2020, counsel Jesse James Thaler filed a motion to withdraw as counsel.  (Doc. 15).  Counsel Thaler also filed a declaration in support of his motion that the Court ordered sealed.  (Docs. 17-18).

On August 24, 2020, the Court granted counsel Thaler's motion to withdraw as counsel for Plaintiff.  (Doc. 20).  The Court directed Plaintiff to inform the Court whether he intended to continue prosecuting this action and, if so, whether he intended to obtain new counsel or represent himself.  *Id.* at 5.  The docket indicates Plaintiff did not timely respond to the Court's order.

On March 31, 2021, Plaintiff, who continued to represent himself pro se since the withdrawal of counsel Thayer, filed a motion for summary judgment.  (Doc. 32).  Defendants filed a motion for

2

summary judgment on April 2, 2021.  (Doc. 33).  On April 12, 2021, Defendants filed an opposition to Plaintiff's motion for summary judgment.  (Doc. 35).  Plaintiff did not respond to Defendant's motion for summary judgment.  *See* (Doc. 36).

On April 30, 2021, Ryan C. Wright filed a notice of appearance of counsel with this Court as Plaintiff's new counsel of record.  (Doc. 37).  While the motions were under submission before the then-assigned district judge, on April 28, 2022, the Court issued an order noting that there were deficiencies and omissions in the parties' briefing for the cross-motions for summary judgment and directed the parties to submit a joint status report regarding a briefing schedule.  (Doc. 53).  On May 11, 2022, the parties filed a joint status report providing a briefing schedule to the Court.  (Doc. 54).  The Court issued a briefing schedule on the parties' cross motions for summary judgment on May 12, 2022.  (Doc. 55).

On June 24, 2022, Plaintiff (through counsel Wright) filed an amended motion for summary judgment.  (Doc. 56).  On July 15, 2022, Plaintiff filed an opposition to Defendants' April 2, 2021, motion for summary judgment.  (Doc. 60).  That same day, Defendants filed an opposition to Plaintiff's amended motion for summary judgment.  (Doc. 64).  On August 5, 2022, the parties filed replies to the oppositions.  (Docs. 65-66).  Both motions for summary judgment are pending before the Court.[1]

**Counsel Wright's Motion to Withdraw and Plaintiff's Opposition**

Counsel Wright filed a motion to withdraw as counsel of record for Plaintiff on December 13, 2023 (Doc. 75), which he supplemented at the Court's direction with an additional declaration on January 18, 2024. (Docs. 76, 77).  On December 8, 2023 – more than five weeks prior to the Court's order relieving counsel Wright as attorney of record in this action – counsel Wright provided Plaintiff via email with notice of his motion to withdraw, as well as information on upcoming deadlines, conferences, and other events.  (Doc. 77 ¶ 7).  Notwithstanding counsel Wright's notice to Plaintiff of the motion to withdraw, Plaintiff made no filings responding to counsel Wright's motion prior to the Court's grant of the motion.

---

[1] On February 1, 2024, this action was reassigned to Chief District Judge Lee H. Rosenthal (S.D. Tex.).  (*See* Docket entry dated 2/1/2024).

3

As set forth more fully in the Court's January 22 order granting his motion to withdraw (Doc. 78), the Court credited counsel Wright's undisputed representations that, beginning in or about November 2022, through the present, "Plaintiff has exhibited conduct that has rendered representation unreasonably difficult, which has resulted in a breakdown of the attorney-client relationship." (Doc. 75-2 at 2). The Court further credited counsel Wright's representations that since March 2023, he attempted to meet and confer with Plaintiff regarding the breakdown in the attorney-client relationship via email and phone. *Id*. Counsel Wright "specifically identified the unreasonable conduct and provided Plaintiff an opportunity to cure" but the breakdown was irremediable. *Id*. The Court found counsel Wright took reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff in ensuring Plaintiff had sufficient notice to obtain other counsel prior to any substantive court deadlines or hearings. (Doc. 75 at 3). Counsel Wright also prepared a pretrial statement for Plaintiff to submit and informed him of the deadline to file said statement, as well as informing Plaintiff of all upcoming deadlines and important dates. *Id*.   Based on these undisputed representations, the Court found counsel Wright provided good cause to withdraw under the California Rules of Professional Conduct as it appears a breakdown in the attorney-client relationship has occurred despite counsel Wright's attempts over an extended period of time (between March 2023 and the present) to engage with Plaintiff. (Doc. 78 at 4).

On January 24, 2024 – two days after the Court granted counsel Wright's motion to withdraw – the Clerk of the Court docketed a "Notice" filed by Plaintiff that responds to counsel Wright's motion to withdraw and which Plaintiff attests to having served on January 17, 2024 (*i.e.*, prior to the Court's order granting the motion). (Doc. 79). In that "Notice," Plaintiff requests that the Court not permit counsel Wright to withdraw without his conclusion of the case. *Id.* at 2. Plaintiff otherwise does not respond to counsel Wright's representations concerning the breakdown in his relationship with Plaintiff.

**Legal Standard**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the

prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 1:07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules. Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw. *Id*. The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id*.

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*. The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.6(d). Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.6(b)(4).

**Discussion**

For the reasons set forth above, the Court renews its earlier finding (Doc. 78 at 4) that counsel Wright has provided good cause to withdraw under the California Rules of Professional Conduct as it appears a breakdown in the attorney-client relationship has occurred despite counsel Wright's attempts over an extended period of time (between March 2023 and the present) to engage with Plaintiff. (Doc. 78 at 4).

In his opposition, Plaintiff does not challenge counsel Wright's characterization of the breakdown in their relationship.  Plaintiff attests that he "addressed to [counsel Wright] my concerns and reasons asking him to explain a real ground reasons [*sic*] for his such filing for withdrawal" (Doc. 79 at 1-2).  However, counsel Wright described in his motion – which Plaintiff received via email – the reasons why he sought to withdraw.  Plaintiff has not challenged or otherwise addressed counsel Wright's characterization of the breakdown, including counsel Wright's representation that he "specifically identified [Plaintiff's] unreasonable conduct and provided Plaintiff an opportunity to cure."  ((Doc. 75-2 at 2)

The Court further renews its finding that counsel Wright complied with the notice requirements in Local Rule 182(d).  The Court also notes granting withdrawal will not cause any prejudice to any litigant, to the administration of justice, or delay the resolution of the case as cross motions for summary judgment are pending before the Court and no trial date has been set.  Among other things, the Court notes that Defendants have not opposed counsel Wright's motion to withdraw, or otherwise asserted that they will suffer any prejudice from the Court's granting of the motion.

**Order to Show Cause**

In its January 22 order permitting counsel Wright to withdraw as counsel of record in this action, the Court directed Plaintiff to inform the Court within 14 days whether he intends to continue prosecuting this action and, if so, whether he intends to obtain new counsel or represent himself. (Doc. 78 at 2).  The Court admonished Plaintiff: "Any failure by Plaintiff to respond to the court's order in this regard will result in the dismissal of this action for failure to prosecute and failure to comply with the court's order."  *Id*.  More than 14 days have passed since service of the Court's order on Plaintiff and Plaintiff has failed to comply with the order or make any other filing setting forth good cause for his delinquency.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."  Further, the Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

Based on the foregoing, the Court will order Plaintiff to show cause in writing why sanctions should not be imposed for his failure to comply with Court orders and failure to prosecute.

**Conclusion**

For the reasons set forth above:

1. The Clerk of Court is DIRECTED to vacate the January 24, 2024, order granting the motion to withdraw (Doc. 78);
2. Ryan C. Wright's motion to withdraw as counsel (Doc. 75) is GRANTED;
3. The Clerk of the Court is DIRECTED to terminate Ryan C. Wright as the counsel of record for Plaintiff Pravin O. Desai;
4. Counsel Wright shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding the release of a client's papers and property and the return of unearned fees;
5. Plaintiff is substituted in pro se and is directed to comply with all hearing dates and the rules of the Court;
6. The Clerk of the Court is DIRECTED to serve this order on Plaintiff by mail and on Ryan C. Wright at his address of record identified in the docket (Wright Law Corporation); and

*Remainder of this Page Intentionally Left Blank*

7. Plaintiff is ORDERED TO SHOW CAUSE in writing within ten (10) days of service of this order why sanctions should not be imposed for his failure to comply with the Court's order (Doc. 78) directing him to inform the Court whether he intends to continue prosecuting this action and, if so, whether he intends to obtain new counsel or represent himself.  **Any failure by Plaintiff to respond to the court's order in this regard will result in the dismissal of this action for failure to prosecute and failure to comply with the court's order**.

IT IS SO ORDERED.

Dated:   **February 9, 2024**                 _____
UNITED STATES MAGISTRATE JUDGE