UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVIN O. DESAI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00058-LHR-CDB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. 81)<br><br>ORDER GRANTING REQUEST FOR REPORT OF STATUS OF CASE<br><br>(Doc. 82) |

　　　　On January 22, 2024, the Court granted the motion of attorney Ryan C. Wright to withdraw as counsel for Plaintiff Pravin O. Desai ("Plaintiff"). (Doc. 78). In that order, the Court directed Plaintiff within 14 days to make a written filing advising the Court whether he intended to seek new counsel and of his intentions for continued prosecution of the case. *Id.* at 5. Plaintiff did not timely respond.

　　　　On January 24, 2024 – two days after the Court granted counsel Wright's motion to withdraw – the Clerk of the Court docketed a "Notice" filed by Plaintiff that responded to counsel Wright's motion to withdraw and which Plaintiff attested to having served on January 17, 2024 (*i.e.*, prior to the Court's order granting counsel's motion to withdraw). (Doc. 79). In that "Notice," Plaintiff requested that the Court not permit counsel Wright to withdraw as counsel of record prior to conclusion of the case. *Id.* at 2. Given Plaintiff's opposition to the withdrawal of counsel Wright, on

February 9, 2024, the Court entered an order vacating its earlier order granting counsel Wright's motion to withdraw, addressed Plaintiff's objections, and renewed the Court's earlier grant of counsel Wright's motion to withdraw.  (Doc. 81).

In its February 9 order, the Court ordered Plaintiff to show cause why he should not be sanctioned for failing to timely respond to the Court's earlier order to inform the Court whether he intended to continue prosecuting this action and, if so, whether he intended to obtain new counsel or represent himself.  *Id.* at 6, 8 (citing Doc. 78 at 2).

On March 6, 2024, the Clerk of the Court docketed on Plaintiff's behalf his response to the Court's show cause order.  (Doc. 82).  Having considered Plaintiff's representations in response to the Court's show cause order, the Court concludes that Plaintiff's failure to timely respond to the Court's order constitutes excusable neglect. *See In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007).  Accordingly, it is HEREBY ORDERED that the Court's Order to Show Cause is DISCHARGED.

In his response to the Court's show cause order, Plaintiff presents to the Court several requests, to which the Court responds below:

1. <u>Request for Report of Status of Case</u>

In his response to the Court's show cause order, Plaintiff states he "need[s] to understand where exactly my case [stands], and [whether] I [should] again engage the [fourth] attorney" (Doc. 82 at 2), which the Court construes as a request for report of status of the case.

In it orders dated January 22 and February 9, 2024, both of which were served on Plaintiff via U.S. Postal Mail, the Court summarized the full procedural posture of this case.  As recounted in those orders, the parties' cross-motions for summary judgment are pending before recently reassigned Chief District Judge Lee H. Rosenthal.  No hearings yet are scheduled on the motions for summary judgment and no action is required by Plaintiff at this time.  Once the motions are resolved by the assigned district judge, the case will be scheduled for pretrial conference and trial, as necessary.

/ / /

/ / /

2

2.      Request to Submit Documents

In his response to the Court's show cause order, Plaintiff requests that the Court permit him to submit additional documents concerning his allegation that Defendants "made wrong" on him in connection with certain insurance policies (Doc. 82 at 4). This request is DENIED. The parties' cross-motions for summary judgment are fully briefed and the deadlines to submit briefs and supporting materials have expired.

3.      Request for Additional Time to Retain Counsel

In his response to the Court's show cause order, Plaintiff requests additional time to retain counsel. (Doc. 82 at 5). Plaintiff may retain counsel at any time he chooses. In the meantime, Plaintiff continues to represent himself pro se and, as the Court directed in its January 22 and February 9 orders, he is ORDERED to comply with all hearing dates and the local rules of the Court.

4.      Request for Return of Legal Documents and Legal Fees Paid

In his response to the Court's show cause order, Plaintiff attests that former counsel Wright has not returned his legal papers or "paid back my retainer and fees I paid to him." (Doc. 82 at 2).

In its January 22 and February 9 orders (both of which were served on former counsel Wright), the Court directed former counsel to "comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding the release of a client's papers and property and the return of unearned fees." To the extent Plaintiff asserts former counsel Wright has violated the California Rules of Professional Conduct in connection with failing to abide by Rule 1.16(e), Plaintiff is referred to the State Bar of California for any available relief.

IT IS SO ORDERED.

Dated:   **March 11, 2024**

UNITED STATES MAGISTRATE JUDGE