IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVIN O. DESAI, <br><br> Plaintiff, <br><br> v. <br><br> THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, et al., <br><br> Defendants. | § § § § § § § § § § § § § § CIVIL ACTION NO. 1:20-cv-58-LHR-CDB |

**MEMORANDUM AND OPINION**

This is a dispute over lapsed life insurance policies. The plaintiff, Pravin Desai, seeks reinstatement of the policies, or alternatively, reimbursement of premiums paid, on the grounds that The Lincoln National Life Insurance Company failed to give him advance notice that the policies were going to lapse, acted arbitrarily in refusing to reinstate the policies, and did not provide him annual summaries of policy activity. Desai does not seek payment of death benefits because no one has died. This opinion resolves the cross motions for summary judgment. Desai's motion for summary judgment is denied, and Lincoln's motion for summary judgment is granted, for the reasons set out below.

**I.   Background**

    **A.   The Life Insurance Policies**

Pravin Desai owned three life insurance policies issued by The Lincoln National Life Insurance Company. One insured his life, one insured the life of his son, Prashant, and one insured the life of his son, Raj. (Docket Entry No. 33-2 at ¶¶ 1–4). When Desai purchased the Policies in April 2014, he paid approximately $35,000 in premiums. The Policies were "flexible premium

adjustable life insurance polic[ies]." (*Id.* at ¶ 6). The premiums that Desai paid would contribute to the "Policy Value[s]," while Lincoln's monthly deductions for "the cost of providing the coverage" would decrease the policy values. (*Id.*). The Policies, by their terms, would terminate if the policy values fell below the cost of monthly deductions. (*Id.*).

Each Policy also provided that if the policy value was insufficient to cover the monthly deductions due, "[a] grace period of 60 days will be allowed for payment of the amount needed to continue the policy." (*Id.* at ¶ 9). The Policies required Lincoln to notify Desai at his "last known address," as well as "any assignee of record[,] at least 30 days before the end of the grace period of the amount needed." (*Id.*). "If the amount specified [was] not paid within the grace period," the Policies would terminate. (*Id.*).

In the event the Policies terminated, Desai could apply for reinstatement "within 5 years after the date of termination." (*Id.* at ¶ 10). Reinstatement required Desai to "furnish evidence of insurability satisfactory to [Lincoln]"; "pay any amount due and unpaid for coverage provided during the grace period[] plus [] an amount that is sufficient to keep this policy in force at least 2 months after the date of reinstatement;" and "pay or reinstate any Debt." (*Id.* at ¶ 10).

Each Policy also required Lincoln to provide an "Annual Policy Summary" showing "the activity of the policy for the past policy year," including:

> premiums paid, expenses charged, monthly deductions, interest credited, Index Credits, Indexed Account Values, and partial surrenders[,] the then current death benefit, Policy Values, and Debt, as well as any other information required by state law and regulation.

"Upon request," Lincoln was required to "provide an illustration of future death benefits and Policy Values." (Docket Entry No. 33-4 at 28).

B.     **The Prashant and Raj Policies**

On July 1, 2016, the values of the Policies for Desai's sons fell below the cost of the monthly deductions, and the Policies entered the grace period.

On August 31, 2016, Lincoln sent Desai notice that his sons' policies had lapsed due to nonpayment of premiums. (Docket Entry No. 33-4 at 204–210). The parties dispute whether Lincoln sent Desai and his insurance broker "grace period" notices before termination, as required by the Policies. Desai contends that Lincoln sent no grace period notices. (Docket Entry No. 58 at ¶ 8). Lincoln maintains that it mailed Desai and his insurance broker a grace period notice for the Raj Policy on August 1, 2016. As for the Prashant Policy, Lincoln maintains that a grace period notice was generated by "the system," but mistakenly was "not mailed." (Docket Entry No. 33-4 at 227). The record contains grace period notices for both the Raj and Prashant Policies, but no evidence that they were actually mailed to Desai or his insurance broker. (Docket Entry No. 33-4 at 195–198).

Based on Lincoln's alleged failure to give grace period notices as required by the Policies, Desai requested that the Prashant and Raj Policies be rescinded and that Lincoln refund him for premiums paid. (Docket Entry No. 33-4 at 226; Docket Entry No. 61 at 162).

On April 5, 2017, Lincoln sent Desai a letter explaining that Lincoln had sent notice to Desai explaining that the Raj Policy would lapse if premiums were not paid, but that notice of nonpayment and pending lapse for the Prashant Policy had been generated but not mailed:

> According to our records, the policies did not have enough value to cover the monthly deduction due July 01, 2016. Notices were mailed to you, at the address of record, on July 01, 2016, and August 01, 2016. As payment was not received by the end of the grace period, the policies lapsed on August 31, 2016, in accordance with the policy terms. However, a closer review reveals that the system generated notices for both policies and the notices were mailed for policy IUL1005365 but the grace notices for policy IUL1005367 were not mailed.

(Docket Entry No. 33-4 at 227).

3

"For this reason," Lincoln offered Desai "an administrative reinstatement of your policies." (*Id.* at 227). Lincoln offered to cover part of the premiums required for reinstatement. (*Id.*). Lincoln gave Desai until April 28, 2017, to pay his portion of the premiums required for reinstatement. (*Id.*). Lincoln explained that it was "unable to honor your request for policy rescission as your sons' lives were insured while the policies were in force. Had death occurred, Lincoln would have paid the death benefit proceeds to the named beneficiary." (*Id.*).

Desai did not pay the premiums for reinstatement by April 28, 2017. On that date, Lincoln sent Desai another letter recounting a phone conversation between him and a Lincoln customer service representative. (*Id.* at 229). In the letter, Lincoln agreed to extend Desai's deadline for payment to May 12, 2017:

> In review of the April 10, 2017 recorded phone call with Lincoln Customer Care Center, we offered to provide you with in force illustrations, projecting the performance of the policies to maturity. However, in order to provide you with accurate illustrations, we will need the scheduled premium payments as outlined in my April 05, 2017 letter. Lincoln systems cannot run illustrations on lapsed policies. Lincoln agrees to extend the April 28, 2017 deadline for payment to May 12, 2017. Once payment is made, we can provide you with in force illustrations projecting the policies to maturity. If we do not receive payment by May 12, 2017 we will assume that you no longer wish to reinstate the policies and your policies will remain lapsed without value.

(*Id.*).

On May 18, 2017, Lincoln sent Desai a letter stating that "[b]ecause you have not submitted the scheduled premium payments, your policies remain lapsed without value and our administrative reinstatement offer has expired." (Docket Entry No. 61 at 175).

    **C.**    **The Pravin Policy**

On May 29, 2018, the value of the Pravin Policy fell below the cost of the monthly deductions, and the Policy entered the grace period. (Docket Entry No. 33-4 at 234).

4

On June 19, 2018, Lincoln sent Desai "Premium History Audits" for the Prashant and Raj Policies.  (*Id.* at 250–254).  On July 5, 2018, Lincoln sent Desai notice that the Pravin Policy had lapsed because "the premium payment due by the end of the grace period ha[d] not been received." (*Id.* at 237).  Lincoln invited Desai to apply for reinstatement, with the caveat that "[r]einstatement is subject to review and approval of underwriting and is not guaranteed."  (*Id.*).

The record contains a grace period notice dated April 30, 2018, warning Desai that he "must pay at least $1,033.48 on or before June 30, 2018 or your policy will lapse without value." (*Id.* at 231).  There is no evidence that the grace period notice was actually mailed to Desai or his insurance broker, and Desai maintains that he never received any notice.

Desai applied for reinstatement and sent Lincoln a premium payment in the amount of $25,200.  (Docket Entry No. 33-3; Docket Entry No. 33-4 at 245).  On January 16, 2019, Lincoln denied Desai's application for reinstatement on the ground that his medical history "f[ell] outside acceptable underwriting guidelines for consideration of reinstatement at the same Standard Non-tobacco premium rate class as originally issued for this policy."  (Docket Entry No. 33-3 at 17).

On May 3, 2019, Lincoln sent Desai a "Premium History Audit" for the Raj and Pravin Policies.  (Docket Entry No. 33-4 at 256–260).

D. **This Lawsuit**

In November 2019, Desai sued Lincoln, Lincoln Life & Annuity Company of New York, and First Penn-Pacific Life Insurance Company in Kern County Superior Court.  (Docket Entry No. 1-1).  The defendants removed on the basis of diversity jurisdiction.  (Docket Entry No. 1).

Desai alleges causes of action for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of § 17200 of the California Business and Professions Code; and (4) declaratory relief under § 1060 of the California Code of Civil Procedure.

Both parties have moved for summary judgment and filed responses and replies to the cross motions. (Docket Entry Nos. 33, 56, 60, 64, 65, 66).

In February 2024, the case was assigned to this court, which is temporarily performing judicial duties in the United States District Court for the Eastern District of California to ease the backlog in that overburdened district. (Docket Entry No. 80).

Based on the record, the briefing, and the applicable law, Desai's motion for summary judgment is denied, (Docket Entry No. 56), and Lincoln's motion for summary judgment is granted, (Docket Entry No. 33). The reasons for these rulings are set out below.

## II. The Rule 56 Standard

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing that there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets its burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Galen*, 477 F.3d at 658. The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L.Ed.2d 686 (2007).

"[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its own merits." *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249

6

F.3d 1132, 1136 (9th Cir. 2001) (quotation marks and quoting reference omitted) (alteration adopted). The court "must review the evidence submitted in support of each cross-motion." *Id.*

## III. Analysis

### A. Breach of Contract

A claim for breach of contract has four elements: (1) the existence of a contract; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's breach; and (4) damages to the plaintiff as a result of the breach. *Aton Ctr., Inc. v. United Healthcare Ins. Co.*, 93 Cal. App. 5th 1214, 1230, 311 Cal. Rptr. 3d 564, 580 (2023). The causation element is satisfied if the breach was a "substantial factor" in causing the damages. *Jenni Rivera Enterprises, LLC v. Latin World Entm't Holdings, Inc.*, 36 Cal. App. 5th 766, 792, 249 Cal. Rptr. 3d 122, 144 (2019). A defendant's breach is "not a substantial factor in bringing about harm to another if the harm would have been sustained" without the breach. *Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 432(1)).

The California Insurance Code limits damages for breach of a life insurance policy to "the sum or sums payable in the manner and at the times as provided in the policy to the person entitled thereto." CAL. INS. CODE § 10111. "In other words, California law limits breach damages to the monetary benefits each policy guarantees—often, that will be limited to the death benefit." *Siino v. Foresters Life Ins. & Annuity Co.*, 340 F.R.D. 157, 166 (N.D. Cal. 2022).

Desai argues that Lincoln breached the Policies because it failed to send him: (1) grace period notices before terminating the Policies; and (2) Annual Policy Summaries, as defined by the Policies. Desai contends that these alleged breaches caused him damages because they resulted in termination of the Policies, "increased costs in having to obtain new life insurance policies," and a $35,000 premium payment on lapsed Policies. (Docket Entry No. 1-1 at ¶¶ 21–22).

### 1. Grace Period Notices

Lincoln concedes that it did not mail Desai a grace period notice before terminating the Raj Policy.  This breached the Raj Policy notice requirement.  (*See* Docket Entry No. 33-4 at 90 ("We will notify You at Your last known address and any assignee of record at least 30 days before the end of the grace period of the amount needed.")).  By contrast, Lincoln maintains that it mailed Desai grace period notices before terminating the Prashant and Pravin Policies.  The record contains grace period notices for the Prashant and Pravin Policies, but there is no evidence that they were actually mailed to Desai, and Desai states in his declaration that he did not receive them in the mail or otherwise. (Docket Entry No. 61 at ¶ 8).  Whether Lincoln mailed the notices to Desai is a genuine factual dispute.  However, Lincoln argues that there is no evidence that its failure to send grace period notices was a "substantial factor" in causing Desai's damages.  The court agrees.

The uncontroverted evidence shows that Lincoln gave Desai ample time to reinstate the Prashant and Raj Policies after he had received the termination notices.  Desai received notice that the Prashant and Raj Policies had been terminated on August 31, 2016.  (Docket Entry No. 33-4 at 210).  Lincoln initially gave Desai until September 29, 2016, to apply for reinstatement of the Prashant and Raj Policies without the need for underwriting.  (*Id.*).  Lincoln also informed Desai that he could apply for reinstatement after this date, but that if he did, he would have to submit additional paperwork and that there may be "potential tax ramifications." (*Id.*).  When Lincoln discovered that it had failed to mail a grace period notice before terminating the Raj Policy, it extended the time for Desai to apply for reinstatement to April 28, 2017.  (Docket Entry No. 33-4 at 227).  It later extended the time to May 12, 2017.  (*Id.* at 229).

8

The evidence further shows that Lincoln had preliminarily approved reinstatement of the Prashant and Raj Policies "based on evidence already submitted," but that the Policies were not reinstated because Desai did not pay the premium amounts for reinstatement after notice that payment was required. (*Id.* at 216, 220, 224). Reinstatement of the Policies was contingent on the payment of "any amount due and unpaid for coverage provided during the grace period" plus "an amount that is sufficient to keep this policy in force for at least 2 months after the date of reinstatement." (Docket Entry No. 33-2 at ¶ 10). Desai failed to pay any part of the required premiums even though Lincoln had offered to waive thousands of dollars in additional premium payments that would otherwise be due for reinstatement. (Docket Entry No. 33-4 at 227, 229). Instead, Desai chose to demand a refund of all premiums paid. (Docket Entry No. 61 at 177).

Desai has not produced or pointed to evidence supporting a finding that, had he received a grace period notice, he would have paid the premiums required to avoid termination of the Prashant and Raj Policies. The evidence that Desai did not pay the required premiums even after Lincoln extended the deadline multiple times and partially waived the premiums precludes finding that Lincoln's failure to mail grace period notices was a substantial factor in causing the Prashant and Raj Policies to terminate.

Desai has also failed to produce or point to evidence supporting a causal link between Lincoln's failure to mail grace period notices and Desai's other alleged damages. Desai has produced no evidence of "increased costs in having to obtain new life insurance policies." And the $35,000 premium he paid when the Policies issued has no causal connection to any subsequent failure by Lincoln to mail grace period notices. In exchange for his $35,000, Desai received life insurance coverage for himself and his sons until he let the coverage lapse. Desai is not entitled to reimbursement of those premiums simply because no one died while the Policies were in effect.

9

The termination of the Pravin Policy is different. As with the Prashant Policy, Lincoln maintains that it mailed Desai a grace period notice before terminating the Pravin Policy. Desai maintains that he never received a grace period notice. (Docket Entry No. 61 at ¶ 8). The record contains no evidence that the grace period notice was actually mailed. Lincoln invited Desai to apply for reinstatement, but it denied Desai's application for reinstatement on the ground that his medical history "f[ell] outside acceptable underwriting guidelines for consideration of reinstatement at the same Standard Non-tobacco premium rate class as originally issued for this policy." (Docket Entry No. 33-3 at 17). Desai argues that there is a genuine factual dispute material to determining whether Lincoln's denial "was based upon an arbitrary and insignificant change in Plaintiff's medical history." (Docket Entry No. 60 at 5).

The court has reviewed the sealed medical documents on which Lincoln based its denial of reinstatement. Based on that review, the court finds that the medical condition on which the denial was based cannot reasonably be considered "insignificant." (Docket Entry No. 43). Reinstatement under the Policies was contingent on Desai "furnish[ing] evidence of insurability satisfactory to [Lincoln]." (Docket Entry No. 33-2 at ¶ 10). Lincoln's decision to deny reinstatement of the Pravin Policy was not a breach of contract as a matter of law.

### 2. Annual Policy Summaries

The Policies required Lincoln to provide Desai with an "Annual Policy Summary" showing "the activity of the policy for the past year." "Upon request," Lincoln was also required to "provide an illustration of future death benefits and Policy Values." Desai argues that Lincoln breached these provisions because it did not provide Annual Policy Summaries on the Prashant and Raj Policies for 2016 to 2017 and 2017 to 2018. (Docket Entry No. 60 at 9). Instead, Desai maintains that Lincoln provided only "a premium audit history" for the Policies, which "is not a proper

accounting as a proper accounting is an Annual Policy Summary, as dictated by the policies' terms." (*Id.*).

Desai's claim for breach of contract based on Lincoln's alleged failure to send him Annual Policy Summaries fails as a matter of law because, even assuming this failure breached the Policies, there is no evidence that it was a substantial factor in causing Desai's damages. Desai does not explain how the Policies would have not lapsed, or how he could have obtained a refund of premiums, had Lincoln sent him Annual Policy Summaries for 2016 to 2017 and 2017 to 2018. Further, it is undisputed that the Prashant and Raj Policies lapsed in August 2016, so Lincoln had no contractual duty to provide Annual Policy Summaries for 2016 to 2017 and 2017 to 2018.

Finally, the court doubts that the measure of damages Desai seeks is cognizable under California law. He does not allege that anyone is entitled to a death benefit under the Policies. *See Siino*, 340 F.R.D. at 166. Instead, he seeks reinstatement of the Policies or reimbursement of premiums paid for the periods when the Policies were effective. (Docket Entry No. 1-1 at 11). Desai does not explain how, or cite any authority holding, that this measure of damages is consistent with § 10111 of the California Insurance Code.

### B. Bad Faith

Under California Law, "all contracts contain an implied covenant of good faith and fair dealing." *San Jose Prod. Credit Ass'n v. Old Republic Life Ins. Co.*, 723 F.2d 700, 703 (9th Cir. 1984). The covenant "requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement." *Id.* "[T]he covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36, 900 P.2d 619 (1995), *as modified on denial of reh'g* (Oct. 26,

1995). Because the covenant is "firmly rooted" in the underlying insurance policy, "a bad faith claim cannot be maintained unless policy benefits are due." *Id.*

Desai's claim for breach of the implied covenant of good faith and fair dealing is based on the same conduct as his breach of contract claim—Lincoln's alleged failure to send grace period notices before terminating the Policies and failure to send Annual Policy Summaries. Desai argues that this conduct injured his "right to receive the benefits of the insurance policy." (Docket Entry No. 60 at 13). Desai cites no authority recognizing a cause of action for breach of the implied covenant of good faith and fair dealing when there is no allegation that insurance benefits are due and unpaid. Desai's theory of breach goes beyond the limits of bad-faith claims, which typically allege that the insured's right to receive insurance benefits has been triggered and that the insured has interfered with the "prompt compensation for losses" by, among other things, "inadequate or tardy investigations, [or] oppressive conduct by claims adjusters seeking to reduce the amounts legitimately payable[.]" *Waller*, 11 Cal. 4th at 36.

Desai's alleged cause of action for breach of the implied covenant of good faith and fair dealing fails to state a claim on the facts presented. Permitting Desai's claim to go forward when his breach of contract claim fails as a matter of law, and when he has not alleged that policy benefits are due and unpaid, would contravene the California Supreme Court's guidance that the implied covenant "should not be endowed with an existence independent of its contractual underpinnings." *Id.*

C.   **Section 17200**

Section 17200 of the California Business and Professions Code prohibits "unfair competition," which includes "any unlawful, unfair or fraudulent business act or practice." California courts have interpreted § 17200 as establishing "three varieties of unfair competition—

acts or practices which are unlawful, unfair, or fraudulent." *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999). The "unlawful" and "unfair" prongs are at issue here.

The "unlawful" prong "borrows violations of other laws and treats them as [independently actionable] unlawful practices." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1360, 108 Cal. Rptr. 3d 682, 691 (2010) (cleaned up) (quotation marks and quoting reference omitted). "Virtually any law—federal, state or local—can serve as a predicate for an action under [§ 17200]." *Id.* (quotation marks and quoting reference omitted).

The "unfair" prong is violated by business practices that "offend[] an established public policy" or that are "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 719, 113 Cal. Rptr. 2d 399 (2001), *as modified* (Nov. 20, 2001) (quotation marks and quoting reference omitted).

The only remedies available to a plaintiff under § 17200 are restitution and injunctive relief. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144, 63 P.3d 937 (2003). The restitution available under § 17200 is "true restitution," in the form of an order "compelling a [] defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." *Id.* at 1144–45.

Desai argues that Lincoln violated § 17200's "unlawful" prong because it violated the California Insurance Code's notice requirements for life insurance policies, §§ 10113.71 and 10113.72. Desai argues that Lincoln violated § 17200's "unfair" prong by (1) failing to provide Annual Policy Summaries; (2) failing to provide grace period notices before terminating the Policies; and (3) denying reinstatement of the Pravin Policy based on "medical history that was

substantially the same as when [Lincoln] had initially issued the policy." (Docket Entry No. 60 at 14).

The court need not decide whether Lincoln's conduct amounts to a violation of either § 17200 prong because the remedy Desai seeks is not available under § 17200. Desai "seeks the return of premiums he paid for the policies"—premiums that covered time periods during which the Polices were in effect. There is no evidence, and Desai does not argue, that Lincoln obtained payment of those premiums "through an unfair business practice." *Korea Supply Co.*, 29 Cal. 4th 1144–45. On the contrary, Lincoln provided coverage to Desai and his sons in exchange for payment of the premiums, until Desai ceased making the premium payments required to keep the Policies in effect. This coverage was valuable consideration even though the Policies terminated before any death benefits became payable. Desai cannot seek reimbursement of these premiums as restitution.

## IV.   Conclusion

Desai's motion for summary judgment is denied. (Docket Entry No. 56). Lincoln's motion for summary judgment is granted. (Docket Entry No. 33). A final judgment will be issued separately.

SIGNED on June 4, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge